UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

BRANDON HOLLOWAY,                     :
        Plaintiff,              :       PRISONER
                                 :       CASE NO. 3:11-cv-1290(vlb)
     v.                            :
                                 :       November 17, 2011
DEPARTMENT OF CORRECTIONS, ET AL.,    :
        Defendants.             :

## INITIAL REVIEW ORDER

The plaintiff, Brandon Holloway, incarcerated and *pro se,* has filed

complaint under 42 U.S.C. § 1983.  He names the Department of Corrections,

Lieutenant Provencher and five John Doe Correctional Officers as defendants.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil

complaints against governmental actors and "dismiss . . . any portion of [a]

complaint [that] is frivolous, malicious, or fails to state a claim upon which relief

may be granted," or that "seeks monetary relief from a defendant who is immune

from such relief."  *Id.*  Rule 8 of the Federal Rules of Civil Procedure requires that

a complaint contain "a short and plain statement of the claim showing that the

pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Although detailed allegations

are not required, "a complaint must contain sufficient factual matter, accepted as

true, to state a claim to relief that is plausible on its face.  A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw

the reasonable inference that the defendant is liable for the misconduct alleged."

*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (internal quotation

marks and citations omitted).   A complaint that includes only "'labels and conclusions,' . . . 'a formulaic recitation of the elements of a cause of action' . . . [or] 'naked assertion[s]' devoid of 'further factual enhancement,' . . . does not meet the facial plausibility" standard. *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).   Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

The plaintiff alleges that on June 2, 2010 at Cheshire Correctional Institution, Lieutenant Provencher ordered John Doe Correctional Officers to hold him down, strip-search him and pat down his private parts.  The plaintiff asserts that the Doe Officers sexually assaulted him during the strip-search.

It is well-settled that neither a state nor a state agency is a "person" within the meaning of section 1983.   *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, (1989) (state and state agencies not persons within meaning of 42 U.S.C. § 1983).  Like other state agencies, the Department of Correction is not a person within the meaning of section 1983.  *See Fisher v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973) (state prison department cannot be sued under section 1983 because it does not fit the definition of "person" under section 1983); *Santos v. Department of Correction*, No. 3:04cv1562 (JCH)(HBF), 2005 WL 2123543, at *3 (D. Conn. Aug. 29, 2005) (holding that Connecticut Department of Correction is not a person under section 1983).  All section 1983 claims against the Connecticut Department

of Corrections are dismissed as lacking an arguable legal basis.  *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The plaintiff seeks relief from the remaining defendants in the form of monetary damages.  To the extent that plaintiff sues the defendants in their official capacities, the claims for money damages are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159 (1985)  (Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (Section 1983 does not override a state's Eleventh Amendment immunity).  The claims against all remaining defendants in their official capacities are dismissed pursuant to 28 U.S.C. § 1915A(b)(2).

After reviewing the complaint, the court concludes that the case should proceed at this time as to the claims against  Lieutenant Provencher and the John Doe Correctional Officers in their individual capacities.


### Orders

In accordance with the foregoing analysis, the court enters the following orders:

(1)     All claims in the complaint against the Department of Corrections are DISMISSED pursuant to 28 U.S.C. § 1915(b)(1) and claims against defendants Provencher and the John Doe Correctional Officers for monetary damages in their official capacities are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(2).  The

3

claims in the complaint shall proceed against defendants Provencher and the
John Doe Correctional Officers in their individual capacities.

(2)     The plaintiff is hereby notified that the U.S. Marshal
cannot serve the complaint on the John Doe Correctional Officers  until the
plaintiff identifies these defendants by name.  The plaintiff will have 90 days from
the date of this order to conduct discovery and file an amended complaint
identifying these defendants by name.  If the plaintiff fails to file an amended
complaint within the time specified, the claims against these defendants will be
dismissed without further notice from the court pursuant to Rule 4(m), Fed. R.
Civ. P. and the case will proceed only as to the claims against Lieutenant
Provencher.

(3)     Within fourteen (14) business days of this Order, the
Pro Se Prisoner Litigation Office shall ascertain from the Department of
Correction Office of Legal Affairs the current work address for defendant
Lieutenant Provencher in his or her individual capacity at his or her current work
address.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report
to the court on the status of all waiver requests.  If defendant Provencher fails to
return the waiver request, the Clerk shall make arrangements for in-person
service by the U.S. Marshals Service and defendant Provencher shall be required
to pay the costs of such service in accordance with Federal Rule of Civil
Procedure 4(d).

(4)     The Pro Se Prisoner Litigation Office shall send a courtesy copy of

4

the complaint and this Order to the Connecticut Attorney General and the Department of Correction Legal Affairs Unit.

   (5)  **The Pro Se Prisoner Litigation Office shall send** written notice to the plaintiff of the status of this action, along with a copy of this Order.

   (6)  **Defendant Provencher shall file his or her response to the complaint,** either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendant chooses to file an answer, he or she shall admit or deny the allegations and respond to the cognizable claims recited above.  He or she may also include any and all additional defenses permitted by the Federal Rules.

   (7)  **Discovery, pursuant to Federal Rules of Civil Procedure** 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

   (8)  **All motions for summary judgment shall be filed within** eight months (240 days) from the date of this order.

   (9)  **Pursuant to Local Civil Rule 7(a), a non-moving party** must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion may be granted absent objection for good cause shown.

    SO ORDERED at Hartford, Connecticut this 17th day of November, 2011.

_____/s/_____
**Vanessa L. Bryant**
**United States District Judge**