UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BRANDEN HOLLOWAY           :       CASE NO. 3:11VCV1290(VLB)
                           :
                           :
    v.                     :
                           :
DEP'T OF CORRECTIONS, ET AL.  :    FEBRUARY 20, 2013

RULING ON PENDING MOTIONS

Pending before the court are motions to compel, for telephone conference and for leave to amend filed by the plaintiff. For the reasons set forth below, the motions are denied.

I.   Motion for Leave to File Amended Complaint [Doc. No. 38]

The plaintiff seeks leave to file a second amended complaint to add five defendants and a claim under the Prison Rape Elimination Act, 42 U.S.C. § 15601 ("PREA"). The Federal Rules of Civil Procedure provide that a plaintiff may amend his complaint once as of right "within 21 days after serving [the complaint] or . . . [within] 21 days after service of a pleading responsive to the complaint or 21 days after service of a motion to dismiss, for more definite statement or to strike, whichever is earlier." Fed.R.Civ.P. 15(a)(1).

Because the plaintiff has already filed an amended complaint and the defendants filed their answer to the amended complaint on April 30, 2012, he may not file a second amended complaint as of right. After the time to amend as of right has passed, "[t]he court should freely" grant leave to amend "when justice

1

so requires." Fed. R. Civ. P. 15(a)(2); *Prescription Plan Service Corp. v. Franco,* 552 F.2d 493, 498 (2d Cir.1997); *see also Moore's Federal Practice* § 15.14[3] (Matthew Bender 3d ed.2004) ("essentially, a plaintiff may correct the complaint to show that jurisdiction does in fact exist"). Moreover, a decision to grant or deny a motion to amend is within the sound discretion of the trial court. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). The Supreme Court has emphasized that amendment should normally be permitted and has stated that refusal to grant leave without justification is "inconsistent with the spirit of the Federal Rules." *Rachman Bag Co. v. Liberty Mutual Insurance,* 46 F.3d 230, 235 (2nd Cir.1995) (quoting *Foman,* 371 U.S. at 182). The Supreme Court has also held that, "[i]n the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ... etc.-that leave should, as the rules require, be 'freely given.'" *Foman,* 371 U.S. at 182. Delay alone, unaccompanied by such an "apparent reason" does not usually warrant denial of leave to amend. *State Teachers Retirement Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir.1981). The rule in the Second Circuit has been to allow a party to amend its pleadings in the absence of prejudice or bad faith. *Independence Ins. Service Corp. v. Hartford Financial Servs. Group,* No.Civ.A.304CV1512(JCH), 2005 WL 1038991, at *4 (D.Conn. May 3, 2005).

In determining whether to grant leave to amend a complaint, the Court must consider whether the amendment would require the opponent to expend

significant additional resources to conduct discovery and prepare for trial and whether the amendment would significantly delay the resolution of the dispute. *See Block v. First Blood Associates,* 988 F.2d 344, 350 (2d Cir.1993). It must also consider whether amendment would prejudice the defendant. *H.L. Hayden Co. v. Siemens Medical Systems,* 112 F.R.D. 417, 419 (S.D.N.Y.1986). "The longer the period of unexplained delay, the less will be required of the non-moving party in terms of a showing of prejudice." *Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 47 (2d Cir.1983). "[A] proposed amendment ... [is] especially prejudicial ... [when] discovery had already been completed and [the non-movant] had already filed a motion for summary judgment." *Krumme v. Westpoint Stevens Inc.,* 143 F.3d 71, 88 (2d Cir.1998) (quoting *Ansam Associates v. Cola Petroleum, Ltd.,* 760 F.2d 442, 446 (2d Cir.1985)).

      The plaintiff seeks to add five new defendants and a claim pursuant to the PREA. The plaintiff asserts that on an unspecified date after defendants allegedly sexually assaulted him, he informed Lieutenant Zayas and Captain Lopes that he wanted to speak to and file a complaint with the Connecticut State Police. This request was allegedly forwarded to Deputy Warden Butricks. The plaintiff claims that Lieutenant Zayas and Captain Lopes refused to call the state police for him, but did permit him to file a written statement that they forwarded to their superiors.

      The motion to amend was filed six days before the deadline for completing discovery. Counsel for the existing defendants objects to the motion for leave to file a second amended complaint because adding five new defendants and new

3

claims would significantly delay the case and cause them prejudice by requiring additional discovery. Since the filing of the motion to amend, the discovery period has expired and both parties have moved for summary judgment.

The court first notes that as the motion to amend was filed less than a week before the expiration of the discovery period, amendment would delay the disposition of the case, require the defendants to expend additional funds to conduct additional discovery and would be prejudicial to the defendants. Moreover, the facts supporting the claims the plaintiff seeks to add have been known to him since the incident complained of occurred and yet the plaintiff has not given good cause why he failed to include these claims in his original or amended complaint and further, why he failed to seek to amend his complaint a second time sooner. In so doing, he fails to offer counterbalancing justification for the delay and prejudice which a second amendment would cause the defendants.

Moreover, inclusion of the additional claims proposed in the second amended complaint would be futile. There is nothing in the PREA that suggests that Congress intended it to create a private right of action for inmates to sue prison officials for non-compliance of the Act. *Chinnici v. Edwards*, No.1:07-cv-229, 2008 WL 3851294, at *3 (D.Vt. Aug. 12, 2008) ("[T]he PREA confers no private right of action. The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue. The statute does not grant prisoners any specific rights.") (citation omitted); *See also Ball v. Beckworth*, No. CV 11-00037, 2011 WL 4375806, at *4 (D. Mont. Aug. 31,

2011) (citing cases).  The Act is intended to compile data and statistics concerning incidences of prison rape and to develop and implement national standards for the detection, prevention, reduction, and punishment of prison rape.  *See* PREA, 42 U.S.C. §§ 15602-03, 15606-07.  The Act does not grant prisoners any specific rights.  The United States Supreme Court has held that in the absences of "an 'unambiguous' intent to confer individual rights," such as a right to sue, courts will not imply such a right in a federal funding provision.  *Gonzaga University v. Doe*, 563 U.S. 273, 279-80 (2002).   Because the PREA does not provide a private right of action, the interests of justice do not require permitting the plaintiff to add a claim under that statute.

The proposed amendment is also futile because a victim of allegedly criminal conduct is not entitled to a criminal investigation or the prosecution of the alleged perpetrator of the crime.  *See Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981) (inmates alleging beating by prison guards lack standing to challenge prison officials' request to magistrate not to issue arrest warrants); *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"); *McCrary v. County of Nassau*, 493 F. Supp. 2d 581, 588 (E.D.N.Y. 2007) ("A private citizen does not have a constitutional right to compel government officials to arrest or prosecute another person."); *Osuch v. Gregory*, 303 F. Supp. 2d 189, 194 (D. Conn. 2004) ("An alleged victim of a crime does not have a right to have the alleged perpetrator investigated or criminally prosecuted.").  The fact that Lieutenant Zayas, Captain Lopes and Deputy Warden

Butricks would not call the State Police on the plaintiff's behalf regarding his allegations of sexual assault, does not constitute a constitutional violation. Thus, permitting the plaintiff leave to amend to add this claim would be futile. *See Foman*, 371 U.S. at 182.

For all of the reasons, set forth above, the request for leave to file a second amended complaint to add new claims and defendants is DENIED.

II.     Motions to Compel [Docs. Nos. 28, 29]

Both motions to compel are addressed to plaintiff's June 29, 2012 discovery request entitled "Interrogatories For Producing Documents." The request includes both interrogatories and a request for production of documents. The plaintiff seeks an order directing counsel for the defendants to respond to both the interrogatories and document production request.

As a preliminary matter, the plaintiff's discovery request is deficient in that it is addressed to all of the defendants. Rules 33 and 34 of the Federal Rules of Civil Procedure require that interrogatories and requests for production of documents be addressed to a party to the case. The discovery request is not addressed to a specific defendant in this action. Furthermore, the request is confusing as it combines both requests for production of documents and interrogatories.

Under Rules 33(b)(2) and 34(b)(2), a party to whom a request or interrogatory is directed must respond within 30 days after being served with the request/interrogatory. The defendants assert that they received the June 29, 2012

discovery request on July 9, 2012. Thus, it is clear that the motions to compel, both of which are dated August 1, 2012, are premature. The plaintiff has also failed to meet the prerequisite to filing a motion to compel. He has not certified that he has made an effort to obtain the discovery without court intervention as required by Fed.R.Civ.P 37(a)(1). For the reasons set forth above, the motions to compel are DENIED in all respects.

III.     Motion to Compel [Doc. No. 36]

This motion consists of an August 20, 2012 request that the defendants produce to him video footage from a stationary ceiling camera located at Cheshire Correctional Institution, East Block 1, Cell 16, for the time period of 3:30 p.m. to 7:00 p.m. on June 2, 2010. Pursuant to Rule 5(f)1 of the Local Civil Rules of the United States District Court for the District of Connecticut, interrogatories and requests for documents "shall not be filed with the Clerk's Office." Thus, to the extent that this is a request for production of documents, it was improperly filed with the court.

Furthermore, a party may seek the assistance of the court only after he has complied with the provisions of Rule 37(a)(1) of the Federal Rules of Civil Procedure. As noted above, under this rule, a motion to compel must include a certification that the movant has made an attempt to confer with opposing counsel in a good faith effort to resolve the discovery dispute without the intervention of the court. The motion does not include a certification that the

plaintiff made an effort to resolve any dispute that might have arisen regarding the production of the video footage prior to filing the motion. Thus, the motion fails to comply with Federal Rule of Civil Procedure 37(a)(1). The motion to compel is DENIED in all respects.

IV.     Motion to Compel [Doc. No. 39]

The motion is dated August 20, 2012 and consists of ten pages. The first six pages are identical to the motion to compel addressed in the prior section of this ruling. Pages seven through ten include a memorandum and declaration dated August 29, 2012. In the memorandum, the plaintiff concedes that counsel for the defendants has responded to his prior March 2012 and June 2012 requests for the video from the stationary ceiling camera in East Block 1, Cell 16, for June 2, 2010.

In response to the motion to compel, counsel for the defendants states that he has produced 198 pages of documents to the plaintiff, including the incident report documenting the controlled search itself and the hand-held video recording of the controlled search. In response to the plaintiff's requests for the video footage from a stationary ceiling camera, counsel has repeatedly informed the plaintiff that no videotape exists because the stationary video camera tapes are re-cycled every thirty days and no request was made during the thirty day time period following June 2, 2010, to preserve the video. The court notes that defendant's failure to preserve the video tape may not be dispositive of the issues raised by a motion to compel and can indeed warrant a sanction

depending upon the particular facts surrounding the destruction of the video. *See Chin v. Port Authority of New York & New Jersey*, 685 F.3d 135, 162 (2d Cir. 2012).

The plaintiff describes the request made in his August 20, 2012 motion to compel as a new request for production. The plaintiff asks the defendants to hire a computer expert to resurrect the June 2, 2010 video from the Department of Correction's hard drive and then provide him with a copy of the video footage.

The plaintiff includes a certification of the attempts he made to confer with counsel through August 14, 2012. He does not indicate that he has made any attempts to confer with counsel regarding his August 20, 2012 request that the defendants hire a computer expert to resurrect the June 2, 2010 video from the Department of Correction's hard drive and then provide him with a copy of the video footage. Accordingly, the plaintiff has failed to comply with Local Rule 37(a)(1).[1] The motion to compel is denied in all respects.

V.     Motion for Telephone Conference [Doc. No. 46]

The plaintiff claims that he has tried to resolve discovery issues with

---

[1] The court notes that a request for production of documents dated September 12, 2012 and a request for production of documents dated October 15, 2012 have been docketed as attachments to the motion to compel. It is unclear why the plaintiff has attached these production requests to the motion. As indicated above, Rule 5(f)1, D. Conn. L. Civ. R. provides that requests for documents are not to be "filed with the Clerk's Office." Furthermore, the request for production dated October 15, 2012 appears to seek documents in connection with the PREA and the document request dated September 12, 2012 appears to seek documents in connection with a claim that the Department of Correction personnel refused to call the State Police on the plaintiff's behalf. Because the court has denied the plaintiff's request to add claims that correctional officials neglected to contact the Connecticut State Police and also violated the PREA, the

counsel for the defendants since July 2012. He requests the court's assistance at a telephone conference. In view of the disposition of the motions above, the court concludes a telephone conference is not necessary. The motion for a telephone conference is DENIED. This denial is without prejudice to re-filing jointly, with the defendants, a motion for a discovery conference stating specifically each discovery dispute and the parties' respective factual and legal basis for the relief they seek within 21 days of the date of this order.

VI.   Plaintiff's Motion for Summary Judgment [Doc. No. 45]

The plaintiff argues that he is entitled to summary judgment because a genuine issue of fact exist regarding the defendants' violations of the PREA, their refusal to call the Connecticut State Police regarding his allegations of sexual assault and their failure to preserve the stationary ceiling camera located at Cheshire Correctional Institution, East Block 1, Cell 16, for the time period of 3:30 p.m. to 7:00 p.m. on June 2, 2010. First summary judgment is only appropriate where there is no genuine issue of material fact. *Miller v. Wolpoff & Abramson, L.L.P.,* 321 F.3d 292, 300 (2d Cir.2003).

In addition, the allegations supporting the request for summary judgment are not claims in the Amended Complaint and the court has denied the plaintiff leave to amend to file a new amended complaint to include these allegations. Thus, the motion for summary judgment is not addressed to claims in the Amended Complaint. The motion for summary judgment is denied.

---

requests for production of documents related to those claims would be moot.

**Further, the court may impose a proportional sanction for spoliation.** *Chin*, 685 F.3d at 162; *Livingston v. Kelly*, 423 F.App'x. 37, 42n.5 (2d Cir. 2011); *Goodyear Tire & Rubber Co.,* 167 F.3d 776,779 (2d Cir. 1999) (noting that "[a]lthough a district court has broad discretion in crafting a proper sanction for spoliation, we have explained that the applicable sanction should be molded to serve the prophylactic, punitive, and remedial rationales underlying the spoliation doctrine").  Quite apart from the fact that the government was under no obligation to preserve the tapes in question, there was no need to punish it for having failed to preserve the tapes, or to otherwise deter it from undertaking any similar action in the future, because the government did not intentionally destroy tapes.  *See id.* (observing that, where spoliation occurs, "[t]he sanction should be designed to: (1) deter parties from engaging in spoliation; (2) place the risk of an erroneous judgment on the party who wrongfully created the risk; and (3) restore 'the prejudiced party to the same position he would have been in absent the wrongful destruction of evidence by the opposing party' " (quoting *Kronisch v. United States,* 150 F.3d 112, 126 (2d Cir.1998)).

**Summary Judgment is a draconian sanction unwarranted by the record.** *Shcherbakovskiy v. Da Capo Al Fine, Ltd.*, 490 F.3d 130, 135 (2d Cir. 2007) (A cause of action should not be dismissed as sanction for party's noncompliance with pretrial production order for document discovery, unless party's failure to comply was due to willfulness, bad faith, or fault on its part.) *S.E.C. v. Setteducate*, 419 F. App'x. 23, 24-25 (2d Cir. 2011) (Entry of default judgment

11

against pro se defendant as sanction for discovery violations was warranted in action brought by Securities and Exchange Commission (SEC) for alleged securities fraud; defendant failed to produce requested documents in violation of court's deadlines, refused to appear for one deposition, and violated court orders to appear for others, defendant's conduct was willful and deliberate, as evidenced by his refusal to attend one deposition, despite having chosen date himself, and his last-minute notices informing SEC of his refusal to attend depositions, defendant's repeated noncompliance with discovery requirements created substantial delay in case, court's two warnings gave defendant sufficient notice that further noncompliance would result in sanctions, and defendant's behavior was consistent with deliberate strategy to delay resolution of case.).  *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 267-68 (2d Cir. 1999) (holding that district court did not abuse its discretion in employee's contract action in declining to grant employee the sanction of a default judgment, and in determining that the lesser sanction of an adverse inference instruction was sufficient to redress employer's gross negligence in failing to produce certain files in discovery.).

   Here the plaintiff does not satisfy the criteria for the less draconian adverse inference sanction. "[A] party seeking an adverse inference instruction based on the destruction of evidence must establish (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the

destroyed evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 107 (2d Cir.2002) (internal quotation marks omitted). Thus, the fact that the video tape was not preserved without more is insufficient to establish that any particular defendant had both control over and a duty to preserve the video tape at the time it was destroyed much less a culpable state of mind.  Accordingly, the plaintiff has failed to assert much less establish that any particular defendant should be sanctioned for failing to preserve the video tape.

## Conclusion

Plaintiff's Motion for Leave to File Amended Complaint [Doc. No. 38] is DENIED.  Plaintiff's Motions to Compel [Docs. Nos. 28, 29, 36, 39] are DENIED in all respects.  Plaintiff's Motion for Summary Judgment [Doc. No. 45] and for Telephone Conference [Doc. No. 46] are DENIED.

SO ORDERED this 20th day of February, 2013, at Hartford, Connecticut.

                                                          _____/s/_____
                                                          Hon. Vanessa L. Bryant
                                                          United States District Judge